No. 8562.

## PERRY *v.* RANDALL.

HUSBAND AND WIFE.—*Dissolution of Marriage. — Confidential Communication.*—*Competency of Witness.*—After the dissolution of the marriage relation by divorce, the wife was not a competent witness, under the provisions of the amendatory act of March 15th, 1879, Acts 1879, p. 245, in relation to the competency of witnesses to testify in regard to any con-

fidential communication made to her during the marriage by her former husband, without his consent; and, in such case, the acts of the husband in her presence, in response to her questions or suggestions, are confidential communications to her, within the meaning of that expression as used in the statute.

From the Randolph Circuit Court.

*S. Colgrove, J. J. Cheney* and *E. L. Watson,* for appellant.

*W. A. Thompson, A. O. Marsh* and *J. W. Thompson,* for appellee.

HOWK, J.—In this action, the appellee sued the appellant in a complaint of two paragraphs. The first paragraph was, in substance and effect, a common count for money had and received by the appellant for the appellee's use. In the second paragraph of his complaint, the appellee alleged in substance, that, on the — day of ———, 18—, the appellee, while and when at the appellant's house, in the town of Winchester, Randolph county, Indiana, dropped and lost from his pocket and person one hundred and forty-five dollars, in National bank notes and United States Treasury legal-tender notes, which said notes were then and there of the value of $145, and which said notes the appellant then and there found, took, kept and appropriated to his own use, and had ever since and still refused to return or to pay the same to the appellee, although often requested so to do; wherefore, etc.

The appellant answered by a general denial of the complaint. The issues joined were tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of $110; and, over the appellant's motion for a new trial and his exception saved, the court rendered judgment on the verdict.

The only error properly assigned by the appellant in this court is the decision of the court below in overruling his motion for a new trial.

The cause was tried on the 5th day of December, 1879. It appears from a bill of exceptions, in the record, that the appellee introduced as a witness Henrietta Perry, on the trial

of the cause, who testified, among other things, that, at the time of the occurrence of the facts stated by her, she was the lawful, wedded wife of the appellant, and at the time of the acts and conversations, about which she testified, she was living and cohabiting with appellant as his lawful wife, and no one was present to witness said acts and hear said statements, except the appellant and the witness; and that, after said acts and conversations occurred, and before the trial of this cause, she was lawfully divorced from the appellant. Thereupon, over the appellant's objections and exceptions to each interrogatory propounded by appellee, and to each answer of the witness, she testified in substance, as follows: When the defendant, Perry, came down-stairs, the money was on the stand where we had been sitting. I told the defendant that Uncle John Randall had lost his money; it was on the stand, and I told him to take it up to him; he took the money and went up-stairs; he was gone but a few minutes, and brought the money back with him in his hands; I asked him why he did not give the money to him; he took the money to the stand, and sat down and commenced to unroll it; I sat down by him; he counted the money; I counted it; I made it $110, but I might have been mistaken; I counted it in his presence; he rolled the money up and put it in his pocket, and he never returned it to the plaintiff, Randall, to my knowledge.

Did the trial court err in permitting Henrietta Perry, the divorced wife of the appellant, to give this evidence? This is the only question we are required to decide in this case. If the evidence of Henrietta Perry was incompetent, the judgment must be reversed; and if her evidence was competent, the judgment must be affirmed.

When this cause was tried below, the law of this State defining who should be competent witnesses, was the act of March 15th, 1879, amending section 2 of the act of March 11th, 1867, on that subject. So far as applicable to the

case now before us, this amended section provided as follows: "Husband and wife as to communications made to each other during marriage shall not, in any case, be competent witnesses, unless with the consent of the party making such confidential communications." Acts 1879, p. 245. In construing similar provisions in prior legislation, this court has uniformly held that, after the dissolution of the marriage relation, the wife was clearly a competent witness to testify to any and all matters of fact, within her personal knowledge, which had not been communicated to her by her husband during the existence of the marriage relation. *Mercer* v. *Patterson*, 41 Ind. 440, and cases cited; *Griffin* v. *Smith*, 45 Ind. 366; *Denbo* v. *Wright*, 53 Ind. 226; *Floyd* v. *Miller*, 61 Ind. 224.

Were the matters of fact, of and concerning which Henrietta Perry testified as above, a "communication" to her from her husband, the appellant, during the existence of their marriage relation? It will be observed that, in her testimony, the witness Henrietta carefully avoided the statement of a single word or syllable that was spoken to her by the appellant, if any such was spoken to her by him, in their interview in relation to the appellee's lost money. If the "confidential communications," mentioned in the statute must be such only as are expressed in words, either spoken or written, it would seem to be clear that the testimony, above quoted, of Henrietta Perry was not a communication to her from her husband, the appellant, and was not, therefore, within the prohibition of the statute. For, as already said, not a word spoken by the appellant to the witness, if any were spoken, was detailed by her in her testimony. She stated what she said to or asked of the appellant, in relation to the appellee's money; and perhaps, though it may well be doubted, that far forth her testimony was competent. For the statute quoted seems to contemplate that a husband or wife, making a confidential communication to the other during marriage, may as a witness disclose such communication, after the dissolution of the marriage relation. That is, the witness Henrietta

might testify in regard to what she had communicated to the appellant during their marriage, with her own consent; and as it appeared that she testified voluntarily, it might fairly be presumed that she disclosed her communication to the appellant with her own consent. This point it is not necessary that we should, and we do not, decide in this case.

We are of the opinion, however, that the appellant's acts in relation to the appellee's lost money, done in the presence of the witness Henrietta, during the marriage and in response to her questions or suggestions, were " confidential communications " to her by her husband, the appellant, within the meaning of the statute. It was not necessary that the appellant's communication to his wife, the witness, in relation to the money, should be expressed in words. Their interview was private and confidential; and the actions of the appellant, in the presence of his wife, in relation to appellee's lost money, were such a communication by him to her, that she was not a competent witness, under the statute, to testify in regard to his actions, without his consent. The court erred, we think, in permitting the witness Henrietta Perry to testify on the trial to the appellant's acts, in her presence and during the marriage, in relation to the money in controversy ; and for this error of law, assigned as a cause for a new trial, the appellant's motion therefor ought to have been sustained.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.