Doolittle v. The State.

Filed Feb. 20, 1884.

---

No. 11,422.

DOOLITTLE v. THE STATE.

JURY.—*Drawing Panel.*—The statute does not require that the jury commissioners shall draw from the box the jury panel, nor that it shall be done in their presence.

SAME.—*New Trial.*—Objection to the mode of drawing the panel of jurors is not available on motion for a *venire de novo*, but can only be made in support of a motion for a new trial.

CRIMINAL LAW.—*Venire de Novo.*—*Verdict.*—A verdict in a criminal case, which finds the defendant guilty of a crime embraced in the indictment, and affixes a definite punishment authorized by law, is not defective or ambiguous.

SAME.—*Assault and Battery.*—*Evidence.*—*Husband and Wife.*—*Witness.*—In a prosecution against a husband for assault with intent to murder the wife, evidence that he married her under a false name, which fact, when it became known to her, was a cause of domestic trouble, is admissible against him. So, also, conversations between them respecting their disagreements.

SAME.—*Experts.*—A surgeon, who has examined wounds inflicted by the accused upon the prosecuting witness, may, after testifying to the facts thus ascertained, give his opinion concerning the wounds.

From the Fayette Circuit Court.

*W. C. Forrey, L. L. Broaddus* and *R. Conner,* for appellant.

*F. T. Hord,* Attorney General, *M. D. Tackett,* Prosecuting Attorney, *L. W. Florea* and *G. C. Florea,* for the State.

HAMMOND, J.—An indictment was returned against the appellant in the court below charging him with an assault and battery upon Louisa Doolittle, with intent to commit murder in the first degree. There was an arraignment, plea of not guilty, trial by jury, and verdict found as follows:

"April 12th, 1883.

"We, the jury, find the defendant guilty of an assault and battery with intent to commit murder in the second degree; that he be imprisoned in the State prison for fourteen years, and that he be fined $1. ROBERT HOLLAND, Foreman."

The appellant moved for a *venire de novo.* This motion being overruled he moved for a new trial, which was also overruled, and judgment was rendered upon the verdict. An exception was taken to each ruling. These rulings, among others, are assigned as errors in this court. We will notice such objections only to the proceedings as counsel for the appellant have urged in their brief.

It is insisted that there was error in overruling the appellant's motion for a *venire de novo.* Two causes were assigned for such motion: 1. That the verdict was so defective and ambiguous that no judgment could be rendered thereon; 2. That the clerk issued a venire for seven of the jurors without authority, in this: That their names were not drawn by the jury commissioners, nor by the clerk in the presence of such commissioners, from the box prepared for that purpose.

There is no defect or ambiguity in the verdict. The appellant is found guilty of a crime which is embraced in the indictment, and his punishment is definitely fixed within the provisions of the statute upon which the prosecution is based. Section 1909, R. S. 1881.

The second ground of the motion proceeds upon a misap-

prehension of the law. The jury commissioners are not required to draw the names to be inserted in venires for jurors from the box prepared for that purpose, nor is their presence required when such drawing takes place. This is done by the clerk alone, and the presence or assistance of any one else is not essential. Sections 1387–8, R. S. 1881. It may also be stated that an objection to the competency of a juror, or to the manner of his selection, is not available in this court unless it was made a ground for a new trial in the motion therefor in the trial court. Such objection is not presented by a motion for a *venire de novo*, as this motion only reaches a defective or ambiguous verdict, or a verdict that finds less than the whole matter put in issue. *Merrick* v. *State*, 63 Ind. 327 ; *Vanvalkenberg* v. *Vanvalkenberg*, 90 Ind. 433 ; Moore Crim. L., section 410.

Louisa Doolittle, the prosecuting witness and the wife of the appellant, testified in behalf of the State. She gave a somewhat detailed account of her domestic relations with the appellant, and their difficulties from the time of their marriage in July, 1881, up to the time of his alleged attempt to take her life on November 11th, 1882. Her evidence tended to show that he failed to make provision for her support; that she finally refused to live with him upon this account, and that this was the occasion of the anger which culminated in the violence upon her person. Over the appellant's objections she was permitted to testify that he was not engaged in any business in June, 1882; and that he had married her under the assumed name of Henry C. Davis, a fact which did not come to her knowledge until after the marriage, and which was also a cause of trouble between them. She was also, over the appellant's objections, allowed to testify to conversations between her and him respecting their disagreements and contentions.

This evidence was properly admitted as tending to show a motive for the appellant's attack upon his wife, and as bearing also upon the question of his intent in making it. The

rule that husband and wife can not testify as to communications made to each other does not apply in a criminal case where the wife is the injured party. Section 1798, R. S. 1881.

Complaint is made of the admission in evidence of the opinions of medical witnesses who had examined the injuries of the prosecuting witness soon after they were inflicted. The opinion of an expert in such case is admissible when based upon facts testified to by him, or upon an agreed statement of facts, or upon facts assumed for the purpose of putting a hypothetical question. *Guetig* v. *State*, 66 Ind. 94 (32 Am. R. 99); *Burns* v. *Barenfield*, 84 Ind. 43. The rules governing the admission of expert evidence were not violated in the present case.

It is also insisted that the evidence is not sufficient to show that the assault and battery was committed with a felonious intent. The evidence shows that the appellant overtook his wife on the street at 8 o'clock in the evening, as she was on her way to her mother's home; that he then, as he had on several previous occasions, urged her to live with him, which she declined to do on account of his failure to support her; that he became angry, indulged in threats and struck her on the head with some blunt instrument, making a severe wound and rendering her unconscious until the following day. The question of intent was one for the jury; and considering the previous contentions of the parties, the circumstances immediately attending the act of violence, the instrument used in making the assault, and the nature of the wound inflicted, we can not say but that the jury rightly concluded that the appellant intended to take his wife's life.

We find no error authorizing a reversal.

Judgment affirmed.

Filed Feb. 20, 1884.