### SMITH v. STATE OF INDIANA.

[No. 24,788.    Filed June 24, 1926.]

1. SEARCHES AND SEIZURES.—*Search warrant presumed legal in absence of the affidavit and warrant from the record on appeal.*—Where the record on appeal does not contain the affidavit for a search warrant nor the search warrant itself, the warrant will be assumed to have been legal in all respects.   p. 160.

2. SEARCHES AND SEIZURES.—A warrant for the search of certain premises is properly served when made at place designated in warrant itself, and need not be made on the owner of the premises.   p. 160.

3. WITNESSES.—The common-law rule as to the competency of witnesses has been abrogated in Indiana except in so far as retained by the exceptions in the statute.   p. 162.

4. WITNESSES.—*Privileged communications between husband and wife not limited to oral communications.*—Privileged communications between a husband and wife are not confined to mere audible communications to each other, but include knowledge communicated by an act which would not have been done by one spouse in the presence or within the sight of the other but for the confidence between them by reason of the marital relation. p. 162.

5. WITNESSES.—*Testimony of wife that she saw her husband dump some object from a trunk into a hole in which deceased's body was found, was not incompetent as a privileged communication.*—In a prosecution of a husband for murder, testimony of wife that she saw her husband wheel a trunk in a wheelbarrow and dump some object from the trunk into a hole in the ground in which deceased's body was later found, was not disqualified as a privileged communication within subd. 6 of §550 Burns 1926, §520 Burns 1914, as the manner in which the act was done showed that it was not a confidential communication. p. 162.

6. HOMICIDE.—Evidence, though circumstantial, *held* sufficient to sustain conviction for murder in the first degree. p. 163.

From Marshall Circuit Court; *Albert Ward*, Special Judge.

Raymond B. Smith was convicted of murder, and he appeals. *Affirmed.*

*Martindale & Martindale*, for appellant.

*Arthur L. Gilliom*, Attorney-General and *Edward J. Lennon, Jr.*, Deputy Attorney-General, for the State.

TRAVIS, J.—A jury, by its verdict, found appellant guilty of murder in the first degree, and that he be imprisoned during life. The appeal from the judgment upon the verdict is founded upon the alleged error by the trial court, overruling the motion for a new trial.

The evidence sufficient to present the errors complained of, is: That appellant with his wife resided upon their farm in Marshall county, Indiana. Appellant's maternal grandmother, Frances C. Sweet, resided with them. March 2, 1922, at 1 o'clock p. m., appellant's wife went to Culver, Indiana, to visit her sister, leaving appellant and Mrs. Sweet at home. This was

the last time appellant's wife saw the grandmother alive. The wife returned home at 4 o'clock the same afternoon, and found her husband at home on the farm, alone. Upon arrival, the wife went into the kitchen and noticed that the floor had been mopped; the rugs were in different places than she had left them; the curtains by the pantry were spattered with blood; a bad smell was in the room; and shot were on the floor under the oil stove. When appellant and his wife moved on this farm in August, 1921, there was an outhouse or toilet located southeast of the house, and south of the path which led from the house to the barn. A month later, appellant with the assistance of a laborer moved this outhouse to the north side of the path. March 5, 1922, three days after appellant's wife had visited her sister in Culver, while standing before the kitchen window, she saw appellant wheel a wheelbarrow, which had a trunk in it, to the outhouse. Appellant then removed the boards of the floor of the outhouse, and his wife saw him dump something out of the trunk into this toilet. Later the same day, she saw her husband, appellant, haul dirt in the wheelbarrow and put it in the toilet. The next month, April, appellant moved the outhouse back to the south side of the path to its former location, and constructed a granary, the southwest corner of which was over the spot where the vault was located, and over which the outhouse had stood. The granary was fifteen feet wide and thirty feet long, constructed on a foundation of cement concrete walls. The floor of the granary was cement concrete. February 9 and 10, 1924, after appellant had been arrested, and while he was lodged in jail, the sheriff of Marshall county, armed with a search warrant, and at the request of appellant's wife, went to appellant's farm and excavated under the southwest corner of the granary, at the spot where the outhouse had stood. At the depth of five

feet, a human body was found. Several physicians and the coroner examined the body and found it to be that of a woman. The top of the skull was gone, and the body had a hole in the back on the right side which continued into the lung. In the lung cavity, and the skull cavity, shot were found. The body had remnants of clothing and shoes on it. The shoes were lady's button shoes. The pattern and quality of the cloth of the waist and other clothing were discernible. The waist was caught at the neck with a breast pin. The clothing and breast pin were identified as those which were owned by Mrs. Frances C. Sweet, and which she wore March 2, 1922, the day she was last seen alive. Mrs. Sweet, March 2, 1922, owned some cash and three United States Liberty Bonds, each of the face value of five hundred dollars, which were payable to bearer. The physicians, after testifying concerning the condition of the dead body, testified that it was the body of a female human being, and that she came to her death from the result of wounds caused by being shot with a shotgun. Appellant testified in his own behalf. He testified that the same day in March, 1922, that his wife went to Culver in the afternoon to visit her sister, he spent the morning until ten o'clock doing chores at the barn, and then went from the barn to the mail box, which was down the public highway, to deposit some mail. He then returned to the house, and upon entering, smelled powder, and saw a "smokish ring" coming from the kitchen between the curtains into the front room. As he was passing through the curtains into the kitchen, he stepped on a shotgun, and there in the kitchen on the floor saw his grandmother, Frances C. Sweet, lying dead, with that part of her head above the eyebrows shot away. When he went to the barn that morning, his wife and grandmother were the only persons in the house to his knowledge. Testimony by another

witness on behalf of the state was that appellant, in a conversation with the witness after March 2, 1922, said that his grandmother had gone east and died, and that he had been gone a week to the funeral.

The accusation was by indictment that appellant, "on or about the 27th day of February, in the year 1922, at said county of Marshall, in the State of Indiana, unlawfully, feloniously, and purposely, and with premeditated malice, did kill and murder one Frances C. Sweet, by then and there unlawfully, feloniously, purposely, and with premeditated malice shooting at and against the said Frances C. Sweet, with a certain deadly weapon called a shotgun, then and there loaded with gunpowder and leaden balls, which said shotgun the said Raymond B. Smith then and there held in his hands, and thereby inflicted a mortal wound upon the said Frances C. Sweet, of which mortal wound the said Frances C. Sweet then and there died, * * *, contrary, etc."

The alleged errors are presented by the brief, to wit: (a) Admission of evidence of facts learned by a search of the premises which belonged to appellant and his wife by an estate by entirety, over appellant's objection; by which search the dead body of the person alleged to have been murdered was found; (b) that appellant's wife was permitted, over appellant's objection, to testify concerning communications between appellant and his wife; (c) that the verdict is not sustained by sufficient evidence, and is contrary to law.

Following the objection to a question asked by appellee of the sheriff, to disclose what he found in the search of the premises, appellant was permitted to 1, 2. examine the sheriff upon his *voir dire* concerning the basis for the search, which examination elicited the facts that the sheriff had procured a search warrant prior to making the search and that the wife

of appellant had also invited him to come to the premises to make the search. Appellant objects and says that the invitation by the wife was insufficient even though the premises searched were owned by appellant and his wife by entireties. Appellant complains further and says that the statutes provide a special search warrant for the search for a dead human body. §2091 Burns 1926, §1929 Burns 1914. The record does not contain a copy of the affidavit for the search warrant nor the search warrant, from which we must assume that the search warrant was legal in all respects. Objection is further made that the search warrant was not served upon appellant who at the time was lodged in the county jail. Service of a search warrant is sufficient when made at the place which is specifically designated in the search warrant itself.

Inasmuch as it must be concluded that the search warrant was in all respects in proper form, it mattered not whether the wife of appellant invited the search or not, and that question is not considered or decided in this opinion. We conclude that the record discloses that the sheriff was duly authorized by a search warrant to make a search of the premises and that appellant's objection to the question asked the sheriff upon the witness stand was properly overruled.

Concerning the second error which relates to the admission of evidence by appellant's wife, over objection, concerning an alleged communication between husband and wife, the wife was permitted to testify, over objection, that on March 5, 1922, she saw appellant wheel a wheelbarrow with a trunk on it toward the outdoor toilet, and after appellant had taken out the boards on the floor, witness saw appellant dump something out of the trunk into the toilet.

Appellant does not rely upon the testimony, given by

his wife, over objection, as being a communication by spoken language, but "the question seeks confidential communication from the defendant to his wife as being evidence and information learned by virtue of and incident to the marriage relation." He relies upon the proposition that the acts of the husband in the presence of the wife are communications to her by him.

By the rule of the common law, one spouse could not be introduced to establish a crime against the other, except when the crime was against the other spouse. *McQueen* v. *State* (1925), 139 Miss. 457, 104 So. 168; Wharton, Criminal Evidence (10th ed.) §390a; *Taulman* v. *State* (1871), 37 Ind. 353.

By statute in this state, all persons, whether parties to or interested in the suit, shall be competent witnesses in a civil action or proceeding (§549 Burns 1926, §519 Burns 1914), except husband and wife, as to communications made to each other, shall not be competent witnesses (§550 Burns 1926, §520 Burns 1914). The common-law rule has been abrogated in Indiana, except in so far as retained by the exceptions in the statute, §550 Burns 1926, *supra.* The error now being considered must rely upon the sixth division of §550, *supra,* (The following persons shall not be competent witnesses * * *. Sixth. Husband and wife, as to communications made to each other.) if appellant's objection to the question is to be sustained. It appears to be settled in this state, and generally in the United States, that privileged communications between husband and wife are not confined to mere audible communications to one another, but include knowledge communicated by an act, which would not have been done by one spouse in the presence, or within the sight of the other, but for the confidence between them by reason of the marital relation. *Whitehead* v. *Kirk* (1913), 104 Miss. 776, 61 So. 737, 62 So. 432,

3-5.

Ann. Cas. 1916A 1051, 51 L. R. A. (N. S.) 187; 28 R. C. L. 526.    See *Perry* v. *Randall* (1882), 83 Ind. 143; Wharton, Criminal Evidence (10th ed.) §398.    In many instances, actions have spoken louder than words, but nevertheless, actions, to gain shelter under the exception to the statutory rule here, must be clothed with that secrecy and intimate relation peculiar to the married state.    In the case at bar, appellant was not acting in the confidence of his spouse, because he shielded the contents of the trunk from her knowledge.    For aught that she knew from the act, the trunk might have contained any kind of rubbish.    The manner in which the acts were performed indicates that they were not intended to be confidential communications to the wife. It seems the proper construction to place upon the acts is that they were intended to be not confidential between them, and that appellant by them did not seek the shelter of the intimacy of the marital relation. Evidence of the acts elicited by the question were not such communications made by appellant to his wife as are comprehended by the statute, §550 Burns 1926, *supra.*

Concerning the third alleged error, appellant insists that there was no evidence to prove that he had any present ability to kill and murder Frances C.

6.    Sweet by shooting her with a shotgun, or that he ever had possession of a shotgun, or that the deceased was killed or murdered by any one, or that she died as the result of wounds inflicted by appellant.    By the testimony given by appellant, there was a shotgun in the house the day the alleged murder was committed; he saw the dead body of the deceased lying on the kitchen floor; and the top of the head was shot away; he saw smoke and smelled burned powder.    This testimony given by appellant, which was all circumstantial, might lead to either of two conclusions, i. e., that the deceased committed suicide with the shotgun, or that

appellant's wife, who was in the house alone with the deceased, committed the murder. To be sure, the evidence to sustain this verdict is circumstantial. Appellant sought to purge himself of any suspicion of having committed the murder by evidence of the same class. The circumstances given in evidence concur to prove that appellant committed the murder, as charged in the indictment, and that such acts are inconsistent with any other rational conclusion. The verdict is sustained by sufficient evidence and is not contrary to law.

Judgment affirmed.