McATEE *v.* STATE OF INDIANA.

[No. 27,935.   Filed April 19, 1944.]

*T. Ernest Maholm,* of Indianapolis, for appellant.

*James A. Emmert,* Attorney General, *Frank Hamilton,* First Assistant Attorney General, and *Frank E. Coughlin,* Deputy Attorney General, for the State.

SHAKE, J.—A jury found the appellant guilty of manslaughter. The only error assigned is the overruling of her motion for a new trial.

The appellant complains that only half of the jury, composed of six women and six men, was instructed, inasmuch as the trial judge began his charge with the salutation, "Gentlemen of the jury." Counsel has admitted that a diligent search

failed to reveal any authority to support his proposition. This is not surprising. We regard the contention as most trivial.

The sufficiency of the evidence is challenged. It is urged, without regard for consistency, that there was no proof that the appellant fired the fatal shot, and that the undisputed evidence disclosed that the killing was accidental and that it was done in self-defense. There was evidence that the appellant and her husband were engaged in an altercation in which she was the aggressor. In the course of the scuffle the appellant obtained a pistol which was concealed in a bed and fired a shot killing a bystander. Admissions made by the appellant to the police officers who arrested her and in a written statement, which was introduced in evidence, warranted the submission of the case to the jury.

Complaint is made of the refusal of the court to give certain instructions tendered by the appellant. The substance of these instructions was fully covered by the fair and comprehensive charge read to the jury.

This appeal, taken at public expense, deserves to be characterized as an abuse of those processes which have been deemed necessary for protection of the constitutional rights of persons charged with crime. While such abuses must be suffered, to the end that these valuable rights may be preserved, a conscientious bar can promote respect for our judicial system by refraining from taking appeals that do not have, at least, the semblance of merit.

The judgment is affirmed.

NOTE.—Reported in 54 N. E. (2d) 100.