## DWIGANS v. STATE OF INDIANA.

[No. 27,946. Filed April 19, 1944.]

*Walter C. Reese,* of Shelbyville, for appellant.

*James A. Emmert,* Attorney General, *Frank Hamilton,* First Assistant Attorney General, and *Frank E. Coughlin,* Deputy Attorney General, for the State.

SHAKE, J.—The appellant was charged by an affidavit in two counts with having inflicted a personal injury upon another with a dangerous instrument while engaged in the commission of a robbery and with robbery proper. The prosecution was based upon § 6, ch. 148, Acts 1941, § 10-4101, Burns' 1942 Replacement, § 2416-1, Baldwin's Supp. 1941.

On motion of the prosecuting attorney, made before the beginning of the trial, the court permitted the second count of the affidavit, which was properly signed and sworn to, to be amended by inserting the name of the affiant in the body thereof. This did not substantially change the effect of the count and the amendment was therefore authorized by § 9-1133, Burns' 1933, § 2132-1, Baldwin's Supp. 1935. *Beller* v. *State* (1883), 90 Ind. 448.

At the conclusion of the State's evidence the appellant made a motion for a directed verdict. The motion was sustained as to the first count and overruled as to the second. Thereafter, the appellant offered evidence, thereby waiving the motion for a directed verdict as to the second count of the affidavit. *Fausett* v. *State* (1942), 219 Ind. 500, 39 N. E. (2d) 728. *White* v. *State* (1941), 219 Ind. 290, 37 N. E. (2d) 937.

It is claimed that the trial court erred in permitting the appellant's wife to testify against him, in violation of § 2-1714, Burns' 1933, § 303, Baldwin's 1934. This statute does not make a husband or wife an incompetent witness generally. It merely pro-

hibits a spouse from disclosing confidential communications and information gained by reason of the marital relationship. *Smith* v. *State* (1926), 198 Ind. 156, 152 N. E. 803. The record before us discloses that the trial court excluded the testimony offered by the appellant's wife which came within this rule, in every instance in which a timely objection was interposed. Besides, the appellant's motion for a new trial was insufficient to save this alleged error. The only assignment in the motion with respect to the wife's testimony was as follows:

> "That the court erred in overruling the defendant's objection to the introduction of testimony of the wife of the defendant."

The established practice of this State requires that when it is desired to predicate error upon the admission or rejection of testimony, the motion for a new trial shall set out the question and answer, if there was one, or the substance thereof, together with the objection and the ruling of the court with respect thereto. *Brown* v. *State* (1939), 216 Ind. 106, 23 N. E. (2d) 267. *Weer* v. *State* (1941), 219 Ind. 217, 36 N. E. (2d) 787, 37 N. E. (2d) 537. The appellant made no attempt to comply with this rule.

The evidence sustains the verdict of guilty based on the second count. The prosecuting witness identified the appellant as the person who had robbed him of his purse containing more than $100 in currency. The mother-in-law of the appellant testified that he admitted to her that he had knocked a "chump" in the head and had taken his money at the time and place charged. The appellant offered proof of an alibi, but we cannot weigh conflicting evidence.

Judgment affirmed.

NOTE.—Reported in 54 N. E. (2d) 100.