SHEPHERD A/K/A SCHOOLCRAFT *v.* STATE OF INDIANA.

[No. 669S135. Filed October 18, 1971.]

*Thomas J. Jeffers,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Walter E. Bravard, Jr.,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted, in a trial to the court, of Second Degree Burglary and sentenced to the Indiana Women's Prison for not less than two (2) nor more than five (5) years. Her appeal presents only one question, i.e. was knowledge obtained by the State's witness during

his marriage to the defendant privileged and therefore inadmissible? If so, the decision of the trial court must be reversed, because without such evidence there clearly was no evidence of probative value from which the trial court could reasonably infer that the defendant was guilty beyond a reasonable doubt. The State's witness above mentioned testified that he committed the burglary and that the defendant aided and abetted by driving the automobile for him. This testimony was admitted, over timely objection, and it was the only evidence implicating the defendant.

Although the statute refers to husbands and wives as being incompetent witnesses, as to communications made to each other, (I.C. 34-1-14-5, the same being 1968 Repl. Burns Ind. Stat. Ann. § 2-1714, Acts of 1881 Spec. Sess., Ch. 38, § 275), the matter is actually one of privileged communication. *Smith* v. *State* (1926), 198 Ind. 156, 152 N. E. 803; *Dwigans* v. *State* (1944), 222 Ind. 434, 54 N. E. 2d 100. Further, it has been restricted in its application to *confidential communications and information gained by reason of the marital relationship. Smith* v. *State, supra.* Privileged communications between husbands and wives, however, are not limited to mere audible communications to each other but include knowledge communicated by acts that would not have been done by one in the presence of the other but for confidence between them by reason of the marital relationship. *Smith* v. *State, supra; Perry* v. *Randall* (1882), 83 Ind. 143; 8 Wigmore *Evidence,* § 2337, citing *Smith* v. *State, supra.*

The State cites us to I.C. 35-1-31-3, the same being 1956 Repl. Burns Ind. Stat. Ann. § 9-1603, Acts of 1905, Ch. 169, § 235, which provides that accomplices, when they consent to testify, are competent witnesses and urges that this is an exception to the rule of privileged communications between spouses. We cannot accept this view by reason of the unrelated considerations relating to the two situations. Problems akin to the testimony of accomplices are of credibility only;

whereas the privilege of confidential communications between spouses is rooted in public policy. It appears that confusion has resulted in this area by ill-considered use of the term "competent" where the principle applied has actually been "privileged." At early common law, spouses were precluded from testifying for or against each other and were hence literally held to be incompetent. Various reasons and fictions were applied in support of the rule through the years, but the one ultimately achieving general acceptance was the one that was the most straightforward and logical, that being that public policy favors the promotion and preservation of marital confidences, even at the expense, in certain instances, of depriving honest causes of upright testimony. It will be seen that the policy is, at this stage, more nearly one of "privilege" than than one of "incompetence" predicated upon a presumed credibility gap. *Brown* v. *Norton* (1879), 67 Ind. 424; 10 A. L. R. 2d 1387, and cases there cited.

By the time it was determined to abolish the rule of incompetency by legislative enactment, the privilege aspect was deeply ingrained. This is apparent not only from the cases but from the wording of the Indiana Act (*supra*) which insofar as relates to spouses is as follows:

> "The following persons shall not be competent witnesses: * * * husband and wife, *as to communications made to each other.*" (Emphasis ours)

It is obvious that husbands and wives generally were to be competent witnesses, *except as to communications made to each other.* It is equally obvious that deference to the aforementioned public policy was the reason for excluding such communications, which have since been restricted to *confidential communications made during the marriage.*

There are exceptions to the rule of privilege as to communications between spouses, as, for example when the offense

charged was committed by one against the other, (*Doo-little* v. *State* (1884), 93 Ind. 272) ; and when the communication sought to be suppressed was not confidential, (*Beyerline* v. *State* (1897), 147 Ind. 125, 45 N. E. 772) ; but the State offers on authority to support its view that the privilege can be removed by the testifying spouse, over the objection of the defendant, merely by accusing the defendant as an accomplice, and our independent research has disclosed none. Neither does the Model Code of Evidence of the American Law Institute provide any such exception. (See Rules 215, 216, 217 and 231). The State has cited *Beyerline* v. *State, supra,* and *Beitman* v. *Hopkins* (1887), 109 Ind. 177, 9 N. E. 720. In the *Beyerline* case the crime charged was committed by the defendant in the presence of his wife, and he compelled her to assist. The Court said:

> "In the light of the interpretation so given to the statutes relating to a wife's testimony, there can be no doubt that the evidence here objected to was competent.* It was not concerning any confidential, or other communication made by the husband to the wife, but as in several of the cases cited, was evidence of a crime committed by him in her presence." 147 Ind. at 133.

The State has offered this quotation in support of its proposition; however, it was not because the crime was committed in the presence of the wife that her testimony was admitted, but rather it was because such disclosure to the wife was not made in reliance upon the marital relationship but rather because he was in need of her assistance and coerced her by force and fear. There clearly was no knowledge imparted in reliance upon the confidence resulting from their intimate relationship as husband and wife. In the case of *Beitman* v. *Hopkins, supra,* the wife was permitted to testify as to a business transaction between herself and her husband, a codefendant in civil litigation. In allowing the testimony, the

---

* (i.e. not privileged.)

court stated that it was merely evidence of a business transaction and in no sense confidential. Although not mentioned, it should also be noted that the evidence was offered by the husband and the wife, thus the privilege issue with which we are here concerned was not involved, and the case is wholly irrelevant.

In the case at hand, the trial judge admitted the testimony of the husband upon the premise that the driving of an automobile could not constitute the communication of information. As previously shown, it is not merely written or verbal communications that are privileged as between husband and wife, but the imparting of information, however conveyed, when done in reliance upon the inviolate nature of the marital relationship. Clearly participation in the crime was a matter of confidence between the defendant and the witness. The operation of the vehicle was the witness' role; and in this context, it was information imparted in confidence.

It has been previously decided in this state that a divorce does not remove the privilege as to confidences which were communicated between the parties during their converture. *Perry* v. *Randall, supra.* Inasmuch as it is apparent that there can be no conviction of Defendant in this case without the testimony of her divorced husband, which under the circumstances is inadmissible, the judgment of the trial court is reversed and the defendant is ordered discharged.

Givan and DeBruler, JJ., concur. Hunter, J., concurs with statement. Arterburn, C.J., dissents with opinion.

### CONCURRING STATEMENT

HUNTER, J.—I am confining my concurrence to the exact facts of the case at bar. Had there been a prima facie showing of the wife's participation other than the uncorroborated testimony of the divorced husband I would have voted to

uphold the conviction. However, I do not wish to concur in sanctioning a doctrine which in every circumstance would allow a husband and wife to hide their joint criminal activities behind the veil of a rule purporting to protect connubial bliss.

## Dissenting Opinion

ARTERBURN, C.J.—I beg to disagree with the majority opinion which is based upon Burns Indiana Statute, sec. 2-1714, which makes privileged, among other things, confidential communications between attorney and client, physician and patient and husband and wife. As stated in the majority opinion this is not a question of competency but one of privilege which is granted for a social and public purpose. We should therefore keep in mind that the objective of the privilege in such cases is namely to inspire full and complete disclosure of knowledge pertinent and necessary to a trustful and proper relationship in such cases. Where that objective is not served and the privilege is used to conceal the commission of a crime, it has no social value and serves no public purpose but in fact is turned into a shield to the criminal and the commission of the crime. We have held that a physician may testify to being consulted and even aiding in the performance of an illegal abortion in this state. *Seifert* v. *State* (1903), 160 Ind. 464, 67 N. E. 100. It has been stated as a general proposition that professional communications are not privileged when made for an unlawful purpose having for their objective the commission of a crime. *Seifert* v. *State, supra.*

It is likewise held that attorney and client may not conspire to commit a crime and then contend that the communications between them as to the conspiracy is privileged. *Clark* v. *U. S.* (1932), 289 U. S. 1, 77 L. Ed. 993, 53 S. Ct. 465. A fraudulent intent as well as criminality of purpose may well remove the veil of secrecy from communications between attorney and

client; where an attorney is consulted for the purpose of obtaining advice as to the preparation of a fraud, or in aid or in furtherance thereof. The communications made to him by one having such purpose in view are not, according to most authorities, privileged. *United States* v. *Bob* (1939), 106 F. 2d 37, writ of certiorari denied in 308 U. S. 589, 84 L. Ed. 493, 60 S. Ct. 115.

Although the privilege between husband and wife is stated in absolute terms in the Indiana statute this court has said it does not apply in all cases, namely in an assault and battery between husband and wife. *Doolittle* v. *State* (1883), 93 Ind. 272. This statute makes no exception in divorce cases between a husband and a wife, yet this court has engrafted such an exception on the statute and been realistic in doing so.

For the same reason it seems that there can be no valid ground for granting a privilege to a husband and wife to conspire to commit a crime or act as an accomplice with the other in the commission of a crime as in this case.

The evidence shows that they were engaged as co-criminals before their marriage. The marriage ought not give them an added shield or advantage. It would serve no social interest.

I would not go so far as to say if one spouse alone committed a crime that the other spouse could be compelled to testify, that spouse having not participated in the crime, but only having evidence revealed as a result of the marriage relationship. However in this case both parties participated actively and willingly in what they knew was a crime and no shield of non-disclosure should be thrown about them on the pretense that it would effect the marriage relationship in such instances. The statute on privileged communication should have a uniform and sensible interpretation in all cases.

NOTE.—Reported in 277 N. E. 2d 165.