**Michael HOLT, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 384S104.**

Supreme Court of Indiana.

Aug. 30, 1985.

Nick J. Thiros, Cohen & Thiros, Merrill-ville, for defendant-appellant.

Linley E. Pearson, Atty. Gen. of Ind., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

PIVARNIK, Justice.

Defendant-Appellant Michael Holt's original conviction of Murder was reversed and remanded for a new trial by this Court in *State v. Holt*, (1979) 272 Ind. 183, 396 N.E.2d 887. The subject of the present appeal is Holt's subsequent conviction by a jury of Murder in the Second Degree in the Lake Superior Court, Criminal Division. On November 4, 1983, the Honorable Richard W. Maroc sentenced Defendant to life imprisonment and committed him to the Indiana State Prison. Defendant now raises the sole issue of whether the trial court erred by admitting, over Defendant's Motion to Suppress Evidence and objections at trial, a pair of earth shoes, camera, statements made by Defendant's girlfriend to the police, and in-court testimony by Defendant's girlfriend.

On June 3, 1977, at approximately midnight, Edward McGuire and his wife, an elderly Merrillville couple, returned to their home and found a burglary in progress. Edward McGuire entered the home and was stabbed to death by the burglar who then fled the scene.

On July 30, 1977, the Merrillville police arrested Appellant on an unrelated charge. Appellant, after invoking his right to remain silent and while in police custody, phoned his girlfriend, Kathy Bain. Two policemen standing guard in the doorway overheard Appellant tell his girlfriend to get rid of the "stuff" at her house and the ounce at his apartment. Based upon what the police overheard, they proceeded directly to Appellant's apartment and intercepted Bain as she was coming out with a bag and box of marijuana. When questioned by the police, Bain revealed statements Appellant had made to her about his involvement in the McGuire murder. She further testified at trial regarding Appellant's admissions to her. Bain also surrendered to police the camera Appellant had given her from the burglary, which was introduced into evidence at trial.

While with Bain at Appellant's apartment, the police noticed a pair of earth shoes. A search warrant was then obtained to search Appellant's apartment for the shoes. However, when the police went to search Appellant's apartment it was vacant. They proceeded to the home of Appellant's mother. Appellant's mother consented to a police search of her garage which in turn led to the discovery and seizure of the earth shoes. Evidence was introduced at trial, along with the shoes, indicating the tracks of the shoes were similar to trackings found at the murder scene.

■ Appellant first argues the earth shoes, camera, Bain's statement to police and Bain's in-court testimony were products of eavesdropping by guards which violated Defendant's Fourth Amendment rights. Accordingly, they were "fruits of the poisonous tree" and should have been suppressed. Defendant relies upon *Katz v. United States*, (1967) 389 U.S. 347, 88 S.Ct.

507, 19 L.Ed.2d 576. However, *Katz* not only stated that the Fourth Amendment protects people not places, but also made clear that what a person knowingly exposes to the public, even in his home or office, is not a subject of Fourth Amendment protection. Later the Supreme Court stated the problem is not what the privacy expectations of particular defendants in particular situations may be, but what expectations of privacy are constitutionally justifiable. *United States v. White*, (1971) 401 U.S. 745, 751–752, 91 S.Ct. 1122, 1126, 28 L.Ed.2d 453, 458–459. *White* also held that Katz did not overrule *On Lee v. United States*, (1952), 343 U.S. 747, 72 S.Ct. 967, 96 L.Ed. 1270, to the extent that *On Lee* held overheard conversations were admissible as evidence though "talking confidentially and indiscreetly with one he trusted." *United States v. White*, 401 U.S. at 750, 91 S.Ct. at 1125, 28 L.Ed.2d at 458.

In the case at bar the naked ear was used to overhear Appellant's conversation which, given the situation, tends to indicate Appellant lacked a reasonable expectation of privacy. Appellant made his call approximately twelve feet from the doorway where Officers Buksar and DeHaven stood guard. Buksar testified he was only a few feet from Appellant and that Appellant could see him and that he could not help but hear Appellant talking on the phone. Appellant did not whisper but talked in a muffled voice, further indicating his awareness of lack of privacy. Although under other circumstances, it is possible a defendant may have a reasonable expectation of privacy in a police station, this was not true in Appellant's case. The phone call was made in the presence of two police officers clearly near enough to Defendant that he should have known he would be overheard. We do not find anything in Katz which requires us to hold Appellant's Fourth Amendment rights were violated when his conversation with Bain was overheard. Accordingly, the camera, earth shoes, Bain's statements and in-court testimony were not products of an illegal search.

■ Appellant further argues that upon confronting Kathy Bain outside Appellant's apartment, the police proceeded to go into the apartment and upon seeing the earth shoes within decided to obtain a search warrant to seize them. Consequently, even though the earth shoes were eventually recovered from Appellant's mother's garage, the police knew to search for the shoes because of the illegal entrance into Appellant's apartment. However, in considering whether an unreasonable search and seizure has occurred, the reviewing court does not weigh the evidence but examines the evidence most favorable to the ruling. *Lance v. State*, (1981) Ind., 425 N.E.2d 77, 78. A close reading of the record reveals evidence indicating the police never entered Appellant's apartment, but viewed the shoes from the doorway. Consequently, the shoes were in plain view from the area police lawfully occupied. Therefore, the obtaining of the earth shoes was not the product of an illegal search.

■ Finally, Appellant argues that because Appellant and Bain were engaged at the time Appellant phoned from the police station and because of the public policy underlying the marital privilege, the marital privilege should have excluded Bain's in-court testimony of confidential communications. However, the law is clear that for the marital privilege to prevail, the parties must have a legally recognized marriage. *Gajdos v. State*, (1984) Ind., 462 N.E.2d 1017; *Lane v. State*, (1977) 266 Ind. 485, 364 N.E.2d 756, *reh. denied*. Furthermore, when a communication between husband and wife is made in the presence of a third person, there is no privilege due the marital relationship since the communication is not confidential. *Fielden v. State*, (1982) Ind., 437 N.E.2d 986. We expressly decline to extend the rule to engaged couples and further find that even if the rule were extended, a privilege would not exist under these circumstances due to the presence of a third person. *See Lewis v. State*, (1983) Ind., 451 N.E.2d 50. Accordingly, Appel-

lant has failed to demonstrate any error by the trial court.

The trial court is affirmed in all things.

GIVAN, C.J., and DeBRULER and PRENTICE, JJ., concur.

HUNTER, J., not participating.