Michael **LEONARD**, Appellant,

v.

**STATE of Indiana**, Appellee.

No. 67S00–8804–CR–409.

Supreme Court of Indiana.

May 3, 1989.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Judge.

A jury trial resulted in the conviction of appellant of the crime of Conspiracy to Commit Escape, a Class C felony, for which he was sentenced to eight (8) years, enhanced by thirty (30) years upon a finding that he was an habitual offender.

The facts are: Appellant was an inmate of the Putnam County Jail awaiting trial on another charge when he entered into an arrangement with his wife to purchase a pair of shoes and hacksaw blades, insert the hacksaw blades under the soles of the shoes, and deliver them to the jail. She was to give the jailer a false name so as not to connect the delivery with her husband and instruct the jailer to deliver the shoes to another inmate, one Dale McKnight. All of this was accomplished.

However, the jailer was alert and before delivering the shoes to McKnight, he examined them carefully and discovered that they contained hacksaw blades. He immediately called the sheriff and gave him a description of the woman and of the automobile she was driving at the time she delivered the shoes to the jail. The sheriff immediately left and was able to apprehend appellant's wife.

Appellant claims the trial court erred in permitting the State to force the testimony of Martha Leonard, his wife. Over vigorous protests by appellant and his wife, she was required by the court to tell the jury of her telephone conversation with her husband and how she carried out his instructions conveyed in that conversation. Appellant takes the position that this violated the husband/wife privilege. Appellant is correct in this observation.

This Court has held that even where they participate in a crime, husband and wife communications concerning that crime are privileged. *Shepherd v. State* (1971), 257 Ind. 229, 277 N.E.2d 165. The State contends, however, the privilege is waived when the parties do not intend that the communication remain confidential between them but intend to include others in the sharing of the information, citing *Perkins v. State* (1985), Ind., 483 N.E.2d 1379.

The State argues that since the plan between appellant and his wife included delivering the shoes to McKnight there is therefore no intention to maintain the confidentiality of the communication. An examination of this record, however, fails to disclose any communication to McKnight either before or after the communication between husband and wife in which the escape plan was discussed. The State argues that it is only logical that McKnight was informed of the plan. However, in the absence of evidence in this regard, one can just as easily assume that McKnight only was being used by appellant and his wife to try to shield both of them from culpability in the event the hacksaw blades were intercepted before delivery, which of course is exactly what happened.

The most logical inference that could be drawn is that McKnight was not a party but a potential victim of the scheme between appellant and his wife. We see nothing in this record to indicate that appellant and his wife intended any other person to be privy to their conversation. It was therefore error for the trial court to permit the State to force appellant's wife to testify against him.

Appellant also has raised a question concerning the trial court's finding that he was an habitual offender; in view of our decision, however, it is unnecessary for us to examine that issue.

The trial court is reversed; this cause is remanded for a new trial.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.