DANIEL RESNOVER, JAMES EDWARD SHROPSHIRE ET AL. *v.*
STATE OF INDIANA.

[No. 576S161.  Filed February 13, 1978.]

*David W. Foley, Mullin, Foley & Gilroy,* of Indianapolis, for appellants.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

HUNTER, J.—The defendant, James Edward Shropshire, was convicted of conspiracy to commit a felony, to-wit: aiding in the escape of a prisoner and of commission of a crime while armed with a deadly weapon, to-wit: jail breaking. He was sentenced to serve two to fourteen years' imprisonment on the conspiracy count and seventeen years on the armed felony count. The defendant, Daniel Resnover, was convicted of conspiracy to commit a felony, to-wit: aiding in the escape of a prisoner. He was sentenced to serve two to fourteen years' imprisonment. These convictions were the result of a joint trial and the defendants have jointly appealed. Since we have jurisdiction over Shropshire's appeal, we also have jurisdiction over Resnover's appeal; the facts surrounding the

case of conspiracy to aid Shropshire are in the record before us and they have jointly appealed. On appeal they raise the following issues:

1. Whether the court's instructions on reasonable doubt and on the imposition of penalties were erroneous and whether requested instructions on parole were improperly refused;

2. Whether a letter from Shropshire to his wife and testimony of a conversation between them should have been excluded as a privileged communication;

3. Whether challenges to jury members were properly refused;

4. Whether Resnover should have been granted a separate trial;

5. Whether the trial court had jurisdiction; and

6. Whether there was sufficient evidence to support the verdict.

The evidence revealed that Edward Shropshire was a prisoner at the Indiana Reformatory and that with his wife he planned to escape from custody, with the aid of his wife and Resnover, when he was transferred to Robert Long Hospital. When he was transferred for an operation, his wife smuggled guns into the hospital and while armed they made their escape. Resnover agreed to help and participated in the planning of the escape. On the day of the escape, he drove the car, aiding the accomplishment of Shropshire's escape.

## I.

The trial court gave its own standard instructions on the concept of reasonable doubt and on the assessment of penalties by the jury in cases involving determinate sentences. Both of these instructions have been previously approved by this Court against arguments like those raised by the defendants.

*Brown* v. *State,* (1977) 266 Ind. 82, 360 N.E.2d 830; *Holt* v. *State,* (1977) 266 Ind. 586, 365 N.E.2d 1209; *Harris* v. *State,* (1977) 266 Ind. 661, 366 N.E.2d 186.

The defendants requested the following two instructions:

" 'Parole' commonly refers to a prisoner who has been released from actual custody, but who is still in legal custody and constructively a prisoner of the State."

"A prisoner, on parole, who escapes, cannot be guilty of violating the Jail Breaking Statute."

These instructions were refused by the trial court. The following instruction was given at the defendants' request:

"The burden is upon the State of Indiana to prove beyond a reasonable doubt that defendant James Edward Shropshire was not on parole at Robert Long Hospital."

The only evidence presented concerning parole was through the use of the words "temporary parole" on the gate release authorizing the transfer of Shropshire to Robert Long Hospital from the Indiana Reformatory, and the use of those words by one witness in characterizing the release of the defendant to Robert Long. No evidence of an actual parole that is cognizable in the statutory law was presented such as to justify an instruction on parole.

Instructions are properly given where they relate to the issues in the case and are supported by the evidence. *Strickland* v. *State,* (1977) 265 Ind. 664, 359 N.E.2d 244. Here, the trial court did give an instruction that required the state to prove Shropshire was not on parole. Another instruction defined the offense of jail breaking. It is not error to refuse an instruction the substance of which is covered by another instruction. *Hackett* v. *State,* (1977) 266 Ind. 103, 360 N.E.2d 1000.

## II.

A letter written by Shropshire to his wife and a conversation between them was admitted into evidence. The letter referred to Shropshire's escape plan and conveyed to his wife his desire that she use a certain escape route and that a third gunman should be in the building as a backup. The conversation alleged to be erroneously admitted took place at the Indiana Reformatory. In this conversation the defendant told his wife to smuggle guns into the hospital by putting them under her skirt. He also told her to enlist the aid of two friends in the escape plan.

Communications between husband and wife which are intended to be confidential and gained by reason of the marital relationship are privileged. Ind. Code § 34-1-14-5 (Burns 1973); *Smith* v. *State*, (1926) 198 Ind. 156, 152 N.E. 803; *Shepherd* v. *State*, (1971) 257 Ind. 229, 277 N.E.2d 165. If, however, the communication is intended to be transmitted to a third person, there is no privilege because the communication is not confidential. 8 WIGMORE ON EVIDENCE § 2336 (McNaughton revision 1961). Here, the escape plan was intended to be transmitted to other accomplices and is therefore not privileged.

## III.

The defendant challenged five jurors for cause on the bases that the regular panel exceeded twelve members and that those jurors had all served on a jury within the past twelve months. These challenges were overruled. The challenged jurors were all members of the regular panel.

Regular panels are not limited to twelve members, and a prospective juror may be challenged for previous jury service within one year only if he is not a member of the regular panel. *Holt* v. *State*, (1977) 266 Ind. 586, 365 N.E.2d 1209; *Brown* v. *State*, (1977) 266 Ind. 82, 360 N.E.2d 830. There was no error in overruling these challenges.

## IV.

The letter admitted into evidence, written by Shropshire to his wife, contained references to Daniel Resnover. Contemporaneous with the admission of the letter, Resnover moved for a separate trial, which motion was overruled. Resnover contends that this was error.

In *Bruton* v. *U.S.*, (1968) 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, the Supreme Court determined that the right of cross-examination was violated when one co-defendant's confession referring to the other co-defendant was admitted into evidence when the co-defendant making the statement did not testify, despite a cautionary instruction by the court. Following *Bruton*, Ind. Code § 35-3.1-1-11 (Burns 1975) was enacted by our legislature. That statute provides in part that:

"(b) Whenever two [2] or more defendants have been joined for trial in the same indictment or information and one or more defendants move for a separate trial because another defendant has made an out-of-court statement which makes reference to the moving defendant *but is not admissible as evidence against him,* the court shall require the prosecutor to elect one [1] of the following courses:

"(1) a joint trial at which the statement is not admitted into evidence;

"(2) a joint trial at which the statement is admitted into evidence only after all references to the moving defendant have been effectively deleted; or

"(3) granting the moving defendant a separate trial." [Emphasis supplied.]

The essence of *Bruton* and our statute on severance is that a joint trial will prejudice the co-defendant against whom the statement is inadmissible because it is hearsay as to him.

Here, the only charge against Resnover which went to the jury was conspiracy to commit a felony. The statement of a co-conspirator during the course and in furtherance of the conspiracy is not hearsay and is admissible against each and every conspirator. *Patton* v. *State,* (1961) 241 Ind. 645, 175 N.E.2d 11; *Smith* v. *State,* (1974)

159 Ind. App. 438, 307 N.E.2d 875.[1] The admission of the letter in this case did not violate Resnover's right to cross-examination. Since the letter was admissible against Resnover, our statute does not require a severance of the trial. The trial court committed no error in denying Resnover's motion for a severance.

## V.

The defendant Shropshire tendered an instruction based upon Ind. Code § 35-21-6-1 (Burns 1975) [escape of prisoners]. The instruction would have the jurors acquit if they found that jurisdiction was not in the trial court. The basis for this instruction is a special jurisdictional clause in the escape statute which gives jurisdiction to courts of the county where the institute is located. Shropshire was not charged under the escape statute but was charged under the similar statute for jailbreaking, Ind. Code § 35-21-8-1 (Burns 1975), which has no limiting jurisdictional clause. Under this statute venue was in Marion County, the county where the offense occurred. In any case we cannot see how there was any prejudicial error, if there was error, since Shropshire was acquitted on the charge of jailbreaking.

## VI.

The defendants make a two-pronged argument that there was insufficient evidence to support the verdicts. First, they argue that there was no evidence that the hospital was under the jurisdiction of the Department of Corrections and that it was erroneous to allow an officer of that department to testify that the detention ward was under their jurisdiction because that testimony was a conclusion. Second, they argue that Shropshire was on parole and could not be convicted of escape. They cite no authority for any proposition and make no argument other than the assertions mentioned above. They have thus failed to comply with our rules. Ind. R. Ap. P. 8.3 (A) (7).

---

1. Indiana case law is in accord in this respect with the federal rules. Fed. R. Evid. 801 (d) (2) (E).

Their contentions are, nonetheless, without merit. The record showed that Shropshire was under the custody of officers of the Department of Corrections and that by force of arms he escaped from that detention. Officer Fox's statement was that he was employed by the Department of Corrections to run the detention ward of the hospital. This is not a conclusion but a statement from firsthand knowledge. The evidence viewed most favorably to the verdict reveals that Shropshire was not on parole but was transferred to the detention ward of a hospital from which he escaped. This evidence was sufficient to support the verdicts.

For all the foregoing reasons there was no trial error and the judgments of the trial court should be affirmed.

Judgments affirmed.

Givan, C.J., DeBruler and Pivarnik, JJ., concur; Prentice, J., concurs in result.

NOTE.—Reported at 372 N.E.2d 457.