William ROBINSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 280S27.

Supreme Court of Indiana.

Aug. 12, 1981.

Harriette Bailey Conn, Public Defender of Indiana, Robert J. Fink, Sp. Asst. Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Cindy A. Ellis, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Petitioner, William Robinson, was charged with first degree murder. The first trial resulted in a hung jury. He was again tried and convicted in 1972 of first degree murder. His conviction was reversed on appeal by this Court in 1973. *Robinson v. State*, (1973) 260 Ind. 517, 297 N.E.2d 409. In 1974, petitioner was convicted by a jury of second degree murder and sentenced to a term of life imprisonment. We affirmed this conviction in *Robinson v. State*, (1977) Ind., 365 N.E.2d 1218. Robinson filed his petition for post-conviction relief in 1978, which was overruled. Petitioner brings this appeal from that ruling.

Petitioner's allegations of error in this appeal are focused on certain testimony adduced at trial. His wife testified as a prosecution witness, relating two conversations they had had several years prior to the murder of the victim, their daughter. In these conversations, Mrs. Robinson repeated her daughter's accusations that petitioner had made incestuous advances toward her. The witness also testified that petitioner's responses were equivocal and that he made no denials. One conversation was in the presence of the victim and the other was to be transmitted to the victim. Trial counsel objected to the admission of this evidence on the grounds of hearsay and privileged marital communication. The trial court admitted the testimony. Although both objections were raised in the motion to correct errors, only the objection of hearsay was raised in petitioner's direct appeal. This Court held that the conversation was properly admissible as the tacit admission exception to the hearsay rule. *Robinson v. State*, (1977) Ind., 365 N.E.2d 1218.

The judge for the post-conviction hearing held:

"That the Petitioner has failed to meet the burden of proof showing any of the following specifications:

\*　　\*　　\*　　\*　　\*　　\*

9. Error by trial court in admitting into evidence certain testimony of petitioner's wife . . .

a. that the trial court did not commit error in the admitting of testimony of petitioner's wife, Jeanette Robinson, which was objected to on the grounds of privileged communications said testimony being found on page 586 and 587 of the transcript.

b. that the defendant waived the right to raise this issue by his failure to raise such issue on direct appeal."

We hold the above finding is correct.

In *Resnover v. State*, (1978) Ind., 372 N.E.2d 457, this Court stated:

"Communications between husband and wife which are intended to be confidential and gained by reason of the marital relationship are privileged. (citations omitted) If, however, the communication is intended to be transmitted to a third person, there is no privilege because the communication is not confidential." 372 N.E.2d at 459.

In the case at bar, one of the two conversations in question was in the presence of the victim, and the other conversation was intended to be relayed to her. Thus, the testimony falls within the exception to the privileged marital communication rule enunciated in *Resnover, supra.*

The trial court was also correct in holding that petitioner waived his right for review of this issue by failing to raise it in his appeal. *Riner v. State*, (1979) Ind., 394 N.E.2d 140.

Petitioner next claims the following finding of fact and conclusion of law was error:

"8. Incompetence of trial counsel:

a. that there is no showing of incompetence of trial counsel by the mere failure to include in the motion to correct errors an objection of privileged communication.

b. defendant is barred from raising this issue by the doctrine of res judicata because this issue has been raised, litigated and denied on direct appeal."

Petitioner correctly asserts the finding in b. is erroneous because no such issue was raised on direct appeal. He asserts that this issue was not waived because of his trial counsel's incompetence in failing to preserve and present these allegations of error on direct appeal, citing *Langley v. State*, (1971) Ind., 267 N.E.2d 538. In that case, we held that it would be inappropriate to charge the defendant with a waiver when the failure to raise the question was caused by incompetence of counsel. However, in *Thor v. U. S.*, (5th Cir. 1978) 574 F.2d 215, 221, also cited by the appellant to sustain his position, that court stated:

"Where counsel has filed an appeal but has failed to raise various points, petitioner is entitled to relief if he had an arguable chance of success with respect to these contentions. *Hooks v. Roberts*, 5 Cir. 1973, 480 F.2d 1196, *cert. denied*, 1974, 414 U.S. 1163, 94 S.Ct. 926, 39 L.Ed.2d 116. However, if it can be determined that appeal would have been futile with respect to those errors that counsel failed to raise, then petitioner is not entitled to relief."

But since, as above pointed out, the testimony in question was properly admitted as an exception to the marital communications privilege, any attempt on the part of trial counsel to raise such a question on appeal would have proved fruitless. As to the overall picture of the competency of petitioner's counsel during his trial, there is nothing in this record to establish by a preponderance of clear and convincing evidence that the conduct of trial counsel reduced the entire criminal proceeding to a mockery of justice. *Harris v. State*, (1978) Ind., 372 N.E.2d 174. Thus, petitioner has failed in his burden of proof to establish that trial counsel was incompetent in his representation of petitioner.

Petitioner claims the following finding of fact and conclusion of law was erroneous:

"5. violation of defendant's right to remain silent:

a. that no evidence was offered and none is shown in the transcript.

b. that the defendant has waived the right to raise this issue by his failure to raise such issue on direct appeal."

This argument is based on his claimed proposition that the testimony in question was a privileged marital communication. Since we have ruled against the petitioner on this question, this related argument must also fail.

■ Appellant also challenges the accuracy of the trial judge in his finding and conclusion, ¶ 5b, above; however, upon examining the motion to correct errors filed in preparation for taking the direct appeal, we do not find any allegation of the violation of the right to remain silent. We, therefore, hold the trial judge was correct in his observation that appellant had waived his right to raise this issue in his direct appeal.

We, therefore, affirm the denial of the petition for post-conviction relief.

HUNTER, PIVARNIK and PRENTICE, JJ., concur.

DeBRULER, J., concurs in result.