Charles Ellis BIRKLA, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1180S425.

Supreme Court of Indiana.

Sept. 1, 1981.

Harriette Bailey Conn, Public Defender, Melanie C. Conour, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was charged with Count I, Murder in the First Degree (purposely and with premeditated malice) and Count II, Murder in the First Degree (killing a human being while perpetrating a Robbery), Ind.Code § 35–13–4–1(a) (Burns 1975).[1] He was found guilty of Murder in the Second Degree on Count I and guilty as charged on Count II. The trial court sentenced him to not less than fifteen (15) nor more than twenty-five (25) years imprisonment on Count I and to life imprisonment on Count II. On this direct appeal Defendant raises one issue concerning his sentencing.[2]

The trial court granted Defendant's petition for post conviction relief, to the extent of vacating the sentence imposed for Second Degree Murder. Defendant, referring to Ind.Code § 35–13–4–1, argues as follows:

"While a person charged with felony murder under subsection (b)(3) is not also charged with lesser included offenses, the statute indicates he could be convicted of

---

1. The facts of the crime appear at *Birkla v. State*, (1975) 263 Ind. 37, 46, 323 N.E.2d 645, 650, *cert. denied*, (1975) 423 U.S. 853, 96 S.Ct. 99, 46 L.Ed.2d 77.

2. This appeal represents Defendant's second petition for post conviction relief. We upheld the denial of relief in his first petition in *Birkla v. State*, (1979) Ind., 396 N.E.2d 115.

a lesser offense. Birkla contends the same must hold true for felony murder charged under subsection (a). He further asserts that when the jury found him guilty of Second Degree Murder, this was a statement he was found guilty of the lesser offense and, therefore, any further finding of felony murder constitutes prohibited double jeopardy. Petitioner concedes he was unable to locate cogent authority for his position and asks this Court to consider his argument as a case of first impression."

"There are no lesser included homicides of felony murder. (citations omitted). We recognize that under appropriate circumstances a defendant charged with felony murder could be acquitted of felony murder but found guilty of the underlying felony." (citations omitted).

*Fleener v. State*, (1980) Ind., 412 N.E.2d 778, 782.

The jury's verdicts reveal that the defendant, while perpetrating a robbery, killed purposely and maliciously but without premeditation, Ind.Code § 35–1–54–1 (Burns 1975). The Legislature had determined that the penalty for killing a human being in the perpetration of a Robbery should be more severe than that for killing a human being purposely and maliciously but without premeditation.

Where there is the killing of but one human being, only one sentence may be imposed for such killing. In *Holland v. State*, (1976) 265 Ind. 216, 220, 352 N.E.2d 752, 756, we faced the same facts that are presented here, and we held that the trial court erred in sentencing the defendant on the conviction for Second Degree Murder. In the case at bar, the trial court correctly applied *Holland*.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.