**L. V. TILLMAN, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 1181S321.

Supreme Court of Indiana.

March 22, 1982.

Susan K. Carpenter, Public Defender, Carr L. Darden, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Aimee L. Kolze, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, L. V. Tillman, is appealing from the denial of his petition for relief under Post-Conviction Relief, Rule 1. He was convicted by a jury of armed rape and sentenced to a term of thirty years. His conviction was affirmed by this Court on direct appeal in *Tillman v. State*, (1980) Ind., 408 N.E.2d 1250. His petition raises the single issue of the incompetency of his trial counsel.

A summary of the facts relevant to this issue shows that the victim's testimony at the trial established the main elements of the crime. Three other witnesses described the victim's demeanor and statements made after the incident. Petitioner and three other witnesses testified that he was at another place playing cards at the time of the crime. Petitioner denied knowing or having met the victim prior to the incident.

At the post-conviction relief hearing, petitioner changed his testimony. He stated that his attorney had prevented him from testifying truthfully to the facts and circumstances surrounding the alleged crime.

He said his attorney had advised him to fabricate an alibi defense because the state's case was so weak. He testified that he had not been at a card party on the night of the crime and that he did have sexual intercourse with the victim but that it had been with her consent. He further stated he did not have any weapon and did not use any force. He said he realized this testimony was different from his testimony at trial.

Petitioner also testified that his attorney failed to convey the correct terms of an offered plea agreement to him and told him that the trial judge had said he would have been found not guilty at a bench trial. Petitioner's attorney testified at the hearing and contradicted petitioner's testimony. The trial court subsequently denied post-conviction relief.

It is well settled that in post-conviction proceedings the burden of proof rests with the petitioner to establish his grounds for relief by a preponderance of the evidence. Ind.R.P.C. 1 § 5; *Laird v. State*, (1979) Ind., 385 N.E.2d 452. The judge hearing the petition is the sole judge of the weight of the evidence and the credibility of the witnesses. His decision will be reversed only where the evidence is without conflict and leads unerringly to a result not reached by the trial court. *Johnson v. State*, (1980) Ind., 406 N.E.2d 1170; *Cottingham v. State*, (1978) 269 Ind. 261, 379 N.E.2d 984.

Regarding the issue of the competency of counsel, it has been more than frequently stated by this Court that there is a presumption that counsel is competent and that strong and convincing evidence is required to rebut the presumption. *Lindley v. State*, (1981) Ind., 426 N.E.2d 398; *Rinard v. State*, (1979) Ind., 394 N.E.2d 160; *Jones v. State*, (1978) Ind., 387 N.E.2d 440. Incompetency of counsel revolves around the particular facts of each case and the standard of review on this issue is the mockery of justice test as modified by the adequate legal representation standard. *Crisp v. State*, (1979) Ind., 394 N.E.2d 115; *Cottingham v. State, supra.* This Court

will not speculate as to what may have been the most advantageous strategy in a particular case. Isolated poor strategy, bad tactics, or inexperience does not necessarily amount to ineffective counsel. *Hollon v. State*, (1980) Ind., 398 N.E.2d 1273; *Smith v. State*, (1979) Ind., 396 N.E.2d 898; *Crisp v. State, supra.*

In this case, petitioner makes several unsupported allegations about what his attorney advised him to do. He alleges that because of his attorney's ineffectiveness, he was prevented from presenting evidence and testifying truthfully at his original trial. He claims that he was afraid to testify truthfully after his attorney informed him that he would be convicted and sentenced to a prison term of sixty years if he told the truth. He testified in detail at the post-conviction hearing about the consensual nature of the sexual intercourse. Although this testimony contradicted that given by petitioner at his original trial, petitioner explained the reasons for the contradiction in the following testimony:

Q. "Could you explain to the Court why you are testifying differently now?"

A. "The reason why I'm testifying differently now is because like I told Mr. Wurster, my lawyer that I had, I told him what I just told you all—the Court I mean—and he told me that if I tell the Court I would get sixty years or life and I said 'Well, if I can't tell my story, I don't want to go to no prison and get no sixty years or life.' And he said 'I tell you what, if you can get some witnesses'—and you see, he had a bunch of papers and he was reading the charge off telling me that they didn't have no fingerprints or nothing like that saying I was supposed to have been in the house and he said like I said, they didn't have no fingerprints and he said it would be kind of hard. He said they got a statement saying that when the police arrived, she saying she was a alcohol and all this. He said he could use all this against her

and he said 'Everything looks like it's in your favor.' I said 'Well, you're the lawyer, I guess I got to go along with it' you know."

However, the attorney's testimony totally repudiated petitioner's allegations. The attorney denied having told petitioner to lie or fabricate an alibi defense or that he would get sixty years to life if he did not use an alibi. The attorney did recall that the state made a plea offer to petitioner of twenty years and he communicated that offer to petitioner. The attorney testified that petitioner told him he did not rape the victim, that he wanted to go to trial and that he furnished the attorney with a list of witnesses to subpoena on his behalf. He further testified that he never suggested to petitioner that he thought he could win this case, particularly because "you never know whether you are going to win or lose when you try a case by jury."

Petitioner has not presented any evidence to support his allegations of his attorney's alleged misconduct in this case. He is clearly asking us to reweigh the evidence and judge the credibility of witnesses which we cannot do and he has failed to establish his grounds for relief by a preponderance of the evidence. *Johnson v. State, supra; Laird v. State, supra; Carroll v. State,* (1976) 265 Ind. 423, 355 N.E.2d 408.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.