**Anthony OWENS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1281S354.**

Supreme Court of Indiana.

July 6, 1982.

Susan K. Carpenter, Public Defender, Carr L. Darden, Sp. Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

This is an appeal from a denial of a post-conviction petition. On April 10, 1974, appellant was convicted of First Degree Murder (felony murder) and Second Degree Murder. He was sentenced to a term of life imprisonment for the former conviction and an indeterminate term of fifteen (15) to twenty-five (25) years for the latter. His convictions were affirmed by this Court in *Owens v. State*, (1975) Ind., 333 N.E.2d 745.

Appellant alleges the trial court erred in imposing two sentences for the killing of one human being. The State counters the issue had been waived by failing to raise it on direct appeal. The lower court made the following conclusions of law:

"1. The law is with the State and against the Petitioner.

2. Petitioner waived the issue which he raised in his Petition for Post-Conviction Relief by failing to allege it as error in his appeal.

3. However, in the interest of justice, the Petitioner's conviction as to the second murder count should be set aside, but the felony murder (Count I) conviction and sentence should stand."

Appellant first claims the trial court erred by submitting to the jury both Count I, charging felony murder, and Count II, charging first degree murder. He alleges the duplicity in the language of Counts I

and II confused the jury which is reflected in its verdict. He offers that the trial court should have withdrawn one count from the jury and given instructions only on the remaining count. This issue was not presented to this Court on direct appeal. Petitioner has waived his right for review of this contention by failing to raise it in his appeal. *Robinson v. State*, (1981) Ind., 424 N.E.2d 119; *Riner v. State*, (1979) Ind., 394 N.E.2d 140.

█ Appellant claims the post-conviction court erred by vacating the judgment and sentence for the second degree murder conviction while sustaining the life sentence for felony murder. The court correctly determined the issue had been waived by failing to pursue it on direct appeal. *Robinson, supra; Riner, supra.* The court was correct in vacating the lesser sentence "in the interests of justice", and stating "[W]here there is the killing of but one human being, only one sentence may be imposed for such killing." *Birkla v. State*, (1981) Ind., 425 N.E.2d 118 at 119; *Pointon v. State*, (1980) Ind., 408 N.E.2d 1255. The post-conviction court was also correct when it held that the higher sentence stands and the lesser sentence is to be vacated. *McCormick v. State*, (1974) 262 Ind. 303, 315 N.E.2d 360.

The post-conviction court is in all things affirmed.

HUNTER, PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.