Herbert HOWLAND, Appellant,

v.

STATE of Indiana, Appellee.

No. 1281S379.

Supreme Court of Indiana.

Dec. 27, 1982.

Susan K. Carpenter, Public Defender of Indiana, James G. Holland, Sp. Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant and a co-defendant were charged by way of information with one count of Armed Robbery. Later the information was amended, adding a count of habitual offender. Eventually appellant pleaded guilty to robbery and carrying a handgun without a license as part of a plea bargain agreement. He was sentenced to concurrent terms of imprisonment of twenty (20) and four (4) years. The plea was entered on July 10, 1980.

On December 9, 1980, appellant filed a petition for post-conviction relief, which was later amended. The petition was denied by the post-conviction court.

Appellant claims the post-conviction court erred in its conclusion of law that he had waived his right to an early trial sought under Ind.R.Cr.P. 4(B). He also claims the court erred in holding that the trial court did not err in denying his Motion for Discharge based on an alleged denial of the right guaranteed under the rule. These are questions appellant could have raised either in an original action or on appeal, they cannot be raised in a petition for post-conviction relief. *See,* Ind. Rules PC 1 § 1(b).

In a related claim appellant claims the post-conviction court erred in concluding his guilty plea was entered knowingly and voluntarily. However, the basis for this claim is that, in appellant's view, he did not realize that by pleading guilty he was waiving the right to claim a violation of his Rule 4 rights. To say one does not know he is giving up his right to a trial when he pleads guilty is so patently absurd it requires no further comment.

Appellant claims he was not provided with the effective assistance of counsel and that the post-conviction court erred in concluding to the contrary. Appellant claims the proceedings were reduced to a "mockery of justice" due to his attorney's failure to move for a separate trial from a co-defendant, his failure to seek a writ of mandamus from this Court with regard to the Motion for Discharge, his failure to advise him of the risk of waiving the early trial rights violation by pleading guilty, and his failure to tender a written motion to withdraw his guilty plea at the sentencing hearing.

An attorney is presumed to render competent representation, and only a strong showing that what the attorney did or did not do made the proceedings a mockery of justice will overcome the presumption of competence. *Tillman v. State,* (1982) Ind., 432 N.E.2d 407; *Carlyle v. State,* (1981) Ind., 428 N.E.2d 10; *Nelson v. State,* (1980) Ind., 401 N.E.2d 666.

■ Appellant fails to make the necessary showing of incompetence in this case. As to the alleged failure to sever his co-defendant for a separate trial, appellant makes no showing he had the right to a separate trial because it was "necessary to protect [his] right to a speedy trial . . . ." I.C. § 35–3.1–1–11(b) [Burns 1979 Repl.]. He asserts such motion should have been made because the reason for granting the State a continuance on March 28, 1980, was the unavailability of the co-defendant's attorney for trial set for three days later. Appellant claims if a motion for separate trial had been made on March 28, his trial could have been held on March 31, a time within the seventy (70) day limit of Rule 4(B). Appellant overlooks the fact that by having failed to renew his speedy trial request after he sought a continuance in December 1979, he no longer had any Rule 4(B) right to assert. *Parks v. State,* (1979) Ind., 389 N.E.2d 286; *Cody v. State,* (1972) 259 Ind. 570, 290 N.E.2d 38.

■ Thus the trial court would not have been required to grant appellant a separate trial had he moved for same on March 28. We do not hold an attorney incompetent for failure to take an action that would be allegedly beneficial to the client when it is apparent he could not have prevailed on the argument in support of the action. *See, e.g., Cummings v. State,* (1982) Ind., 434 N.E.2d 90; *Robinson v. State,* (1981) Ind., 424 N.E.2d 119.

The same observation applies to the attorney's failure to seek a writ of mandamus from this Court in regard to the denial of the Motion for Discharge. It is apparent the attorney could not have prevailed on an argument in support of his entitlement to such a writ.

■ As to alleged incompetence for failure to advise appellant of the risk of waiving the Rule 4(B) rights violation by pleading guilty, such failure cannot be said to have harmed appellant. First, appellant had already waived the early trial request by failing to renew it when he sought a continuance. By the time he pleaded guilty he no longer had any early trial right under

Rule 4 to waive. Thus even had the attorney given such advice, and had appellant decided to save the issue by going to trial and attempted to raise the error in a direct appeal, he would not have prevailed on the claim. The fact of his waiver as a matter of law by failing to renew his early trial request would obtain in a direct appeal from his conviction, the same as such result obtains here in a PC 1 proceeding. *See, Parks, supra; Cody, supra.*

■ The grant of relief in a post-conviction proceeding due to alleged ineffective representation by counsel requires a showing of harm, the same as with any other claim of error. *Beard v. State,* (1981) Ind., 428 N.E.2d 772; *Robertson v. State,* (1974) 262 Ind. 562, 319 N.E.2d 833. No harm having been shown, appellant is not entitled to relief on these grounds.

■ As to failure to file a written motion to withdraw his guilty plea, such request being tendered orally to the trial court at appellant's sentencing by appellant himself, the record shows appellant's attorney stated a continuance of the sentencing was needed because "[my client] wants to file some pleadings in advance of the Court accepting or rejecting the plea agreement." The attorney was not called as a witness at the post-conviction hearing. Thus we do not have the benefit of any direct testimony from him from which we could determine his reason for not filing a written motion to withdraw the guilty plea. Given this state of the record, it is not unreasonable to infer the attorney knew such a motion had to be in writing, that he had just discovered appellant wanted to withdraw the plea, and that, therefore, he requested a continuance to get the motion into written form. Strong and convincing evidence is required to rebut the presumption of competence of an attorney when the right to post-conviction relief is asserted on grounds on incompetence of counsel. *Tillman, supra; Carlyle, supra; Nelson, supra.* Insofar as this alleged basis for incompetence is concerned, appellant fails to present the necessary

strong and convincing evidence to rebut the presumption of competence.

The trial court is in all things affirmed.

All Justices concur.