**Johnny Lee GREGORY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 29S00–8612–CR–1050.**

Supreme Court of Indiana.

June 7, 1988.

Gerald M. DeWester, Noblesville, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Conspiracy to Commit Theft, a Class D felony, for which he received a four (4) year sentence and Conspiracy to Commit Forgery, a Class C felony, for which he received an eight (8) year sentence, all sentences to run concurrently. These sentences were enhanced by thirty (30) years due to a finding that he is an habitual offender.

The facts are: In mid-April of 1985, appellant asked his son, Randy Lee Gregory, and his friend, Jimmy Henson, if they would like to take a trip. At that time, they were in Wichita Falls, Texas. As they drove toward Indiana, appellant detailed a scam to defraud Target Stores. Appellant stated that a person could go into the store and purchase a computer in the electronics department. At the time of the purchase, a yellow-colored receipt would be issued and placed on the computer cartons. The person would then leave the store and go to a second Target Store and take the yellow receipt with him. A second identical computer would be picked up and the yellow receipt placed on the carton. The person would then buy an inexpensive item and go through the main cashier line and pay for the inexpensive item. At the time, the yellow receipt would be shown to the cashier implying that the computer had already been purchased in the electronics

department. The person would then have successfully shoplifted the second computer. Thereafter the computers would be returned to other Target Stores for cash refunds. Both Henson and Randy Lee Gregory agreed to assist appellant in the implementation of this scheme.

On April 23, 1985, appellant, his son, and Henson drove to a Target Store located on Washington Street in Indianapolis. Two boxes containing a computer and disc drive unit were removed from the car trunk. Appellant next gave Henson a yellow receipt and advised Henson not to sign his real name on the refund slip at the time he presented the merchandise for return. Henson was able to complete the transaction and obtain a $346 refund which he turned over to appellant.

They then went to a second Target Store in the Indianapolis area and Randy went into the store and obtained a cash refund in the same manner. Appellant then went into the store and returned carrying two computers which were placed in the back seat of the car and the three individuals then went to dinner at approximately 6:00 p.m.

After dinner, they drove to a third Target Store located in the Nora Shopping Center, and the same routine was followed with Randy obtaining a cash refund. After obtaining the refund, appellant went into the Target Store at Nora and came out carrying two computers of the kind which his son had just returned for a refund. The items were placed in the back seat and appellant drove to the Target Store in Carmel. Henson went into the Carmel store and presented a sales receipt and two cartons which contained a computer and disc drive unit. Again Henson filled out a sales refund document, used an assumed name, and gave a false address.

The clerk called the store manager who asked for identification. Henson was unable to produce identification and stated his uncle was outside and had his identification. Henson left the store and returned with appellant. Appellant uttered profanities at the store manager when the manager insisted upon identification before giving the refund. Appellant then threatened to call the police and in fact did so. Henson was still present when the police officers arrived and at some point during the police officer's investigation of the incident Henson told them that appellant was trying to rip off Target Stores.

Eventually appellant, Henson and appellant's son were placed under arrest. It was the episode at the Target Store in Carmel that led to this prosecution. After appellant's arrest, police obtained a search warrant for items removed from Room 259 of the Rodeway Inn. Evidence established that appellant had rented Room 516 of the Rodeway Inn. They discovered that the management of Rodeway Inn had removed appellant's goods from the room because his time of occupancy had expired, and they had received a telephone call from a person identifying herself as appellant's wife, following which they removed the objects to a locked front office meeting room. The police entered the storage room and seized a piece of cardboard containing the address of Target Stores, a stack of copies of Target Store receipts on yellow paper, a serrated-edged blade, a razor blade, and some letters.

■ Appellant claims there is insufficient evidence to support his convictions. Appellant argues that evidence showed the receipt presented at the Target Store in Carmel was a genuine Target receipt, and the goods which were tendered for return were genuine Target goods packed in their original boxes and in good condition. He thus takes the position that the transaction at the Carmel store was a normal return, and no crime was committed. Appellant overlooks the fact that the testimony of Henson clearly established a conspiracy to defraud the Target Stores.

One phase of the conspiracy entailed the use of a genuine receipt attached to a shoplifted Target computer and the obtaining of a refund on return to the store. It is obvious the presentation at the Carmel store was an overt act calculated to carry out the preexisting conspiracy. *Survance v. State* (1984), Ind., 465 N.E.2d 1076. While conceding that the evidence possibly

shows that a crime was committed in Marion County, appellant claims there is no evidence that a crime was committed in Hamilton County. As above pointed out, the attempted transaction in Hamilton County was an attempt to carry out the conspiracy. Ind. Code § 35–32–2–4 specifically provides for the prosecution of co-conspirators in any county in which: "1) a substantial step towards the commission of the underlying crime occurred; or 2) the underlying crime was to have been completed." *See also Rodriguez v. State* (1979), 270 Ind. 613, 388 N.E.2d 493.

There is ample evidence in this record to support the verdict of the jury and the prosecution of appellant in Hamilton County.

■ Appellant claims the trial court committed fundamental error when it sentenced him on both conspiracy counts. The State first claims that appellant has waived this issue by not including it in his motion to correct error. However, the State concedes that if the issue is to be considered the court did in fact err in giving the double conspiracy sentence. Both the State and appellant point out that when there is only one agreement to enter into a scam that will cause one or more crimes, it is improper to sentence a defendant for conspiracy to commit each of the separate crimes in that only one conspiracy exists. *Braverman v. United States* (1942), 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23; *United States v. Spudic* (7th Cir.1986), 795 F.2d 1334; *Ridgeway v. State* (1981), Ind.App., 422 N.E.2d 410.

The sentencing of appellant on both conspiracy charges constituted double jeopardy violating his constitutional rights. Thus, this Court can correct such error even though appellant has failed to raise the question in his motion to correct error. *Kennedy v. State* (1972), 258 Ind. 211, 280 N.E.2d 611. This cause will be remanded for a resentencing of appellant.

■ Appellant claims the trial court abused its discretion by limiting his cross-examination of Officer Meeks with respect to whether he knew if Target Stores had suffered a loss by reason of any computers being missing or stolen. There is ample evidence in this record to demonstrate that Target did in fact suffer loss by reason of the activity of appellant and his confederates. Officer Meeks had not testified in this regard on direct examination. Thus, the trial court properly limited appellant in its cross-examination and refused to allow such questioning. Even if the trial judge had permitted the question to be answered, we fail to see the relevancy of Officer Meeks's opinion as to whether or not the Target Stores had suffered a loss by reason of appellant's activity. Thus, we see no prejudice resulting from the judge's ruling. *Reed v. State* (1986), Ind., 491 N.E.2d 182.

■ Appellant claims the trial court committed error when it denied his objection to hearsay testimony offered by Helen Pierce and Gregory Meeks. Helen Pierce was the manager at Rodeway Inn who had received a telephone call from a person identifying herself as the wife of appellant. The court allowed the testimony of Pierce for the limited purpose of demonstrating that she did receive a call and that as a result of the telephone conversation she removed appellant's goods from Room 516 and stored them in another room in the motel. The evidence was not admitted for the truth of the statements made in the telephone conversation but merely to show the reason Pierce took the action of removing appellant's goods from the room. *See Moore v. State* (1986), Ind., 498 N.E.2d 1.

■ The trial court did in fact refuse to permit Pierce to testify as to the content of the telephone conversation. Officer Meeks was permitted to testify that while investigating the incident he talked with Randy Lee Gregory who told him that he was the son of appellant. Statements of a co-conspirator made during the course and in furtherance of the conspiracy are not hearsay and are admissible against each and every co-conspirator. *Resnover v. State* (1978), 267 Ind. 597, 372 N.E.2d 457. Thus, the testimony was properly admitted. We would observe in addition that this record contains ample evidence that Randy Lee

Gregory is the son of appellant. Even if we were to hold that the testimony of Officer Meeks should have been excluded, the failure to exclude would not be reversible error because the evidence would have been merely cumulative. *Hatton v. State* (1986), Ind.App., 498 N.E.2d 398. There is no reversible error in this regard.

■ Appellant claims the trial court erred when it denied his motion to suppress all items seized under a search warrant. It is appellant's position that since the search warrant contained the number of Room 259 when he had in fact rented Room 516, that the warrant was therefore defective and that the evidence should have been suppressed. However, the officers did not enter a room which appellant had rented but entered a front meeting room of the motel and took possession of goods over which appellant had no expectation of privacy. In the case at bar, the rental period had expired and the hotel manager had removed the goods after a telephone conversation from a person identifying herself as appellant's wife.

At the time the goods were taken over by the police officer, they were in the possession of the motel management and the police officers were given permission to enter the room and take possession of the goods. It was entirely proper for the court to permit the introduction of the evidence under these circumstances. *Myers v. State* (1983), Ind., 454 N.E.2d 861. Appellant fails to show that he had an expectation of privacy in the room in which the goods were stored at the time they were acquired. *Katz v. United States* (1967), 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576.

■ Appellant claims there is insufficient evidence to support the finding that he is an habitual offender. The evidence shows that in January of 1982 appellant had been convicted in Kern County, California, of the crime of arson and sentenced accordingly. The record further shows that in July of 1968 appellant had been convicted in Orange County, California, of the crime of burglary. Appellant claims that there is a variance from the allegation and the proof in this case, in that the State alleged that the burglary conviction was on July 18, 1968 but it was in fact on June 19, 1968, and the State alleged that the arson offense conviction was on December 14, 1981, when in fact the record shows that appellant entered a plea of guilty to arson on December 12, 1981 and that under California law the actual date of conviction was December 14, 1981.

This Court has previously held that a variance between the allegations by the State and the actual proof of the prior conviction does not require reversal unless appellant can show that he was misled in his defense against the allegations. In the case at bar, the allegations are very clear and precise and the identification was sufficient. There is nothing in this record to demonstrate nor in fact is there any allegation by appellant that he was in any way misled or hampered in his defense of the action by reason of the erroneous dates. Under the circumstances, we see no reversible error. *Morgan v. State* (1982), Ind., 440 N.E.2d 1087; *Goodwin v. State* (1982), Ind., 439 N.E.2d 595.

This cause is remanded to the trial court with instructions to resentence appellant as to a single conspiracy offense only. In all other matters, the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.