Kenneth B. CLARK, Appellant,

v.

STATE of Indiana, Appellee.

No. 42S00–8707–CR–650.

Supreme Court of Indiana.

Dec. 2, 1988.

Susan K. Carpenter, Public Defender, J. Michael Sauer, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant for Conspiracy to Commit Burglary, a Class B felony, for which he received a sentence of fourteen (14) years, and Conspiracy to Commit a Robbery, a Class B felony, for which he received a sentence of fourteen (14) years, the sentences to run concurrently.

The facts are: For approximately one month, beginning in December of 1985, several young men, including Danny Purdue, Stacy Long, Stevie Wininger, and appellant, discussed plans for burglarizing the home of LaVada Harness. Purdue claimed to have learned from his father that Mrs. Harness had "big money." In the early morning hours of January 14, 1986, the four men finalized their plan to obtain money from Mrs. Harness. However, they had decided against burglarizing the home while she was away but instead decided to obtain a gun and enter the home while she was there and to rob her. It was their theory that they would obtain more money if she were at home than if she were away.

At trial, Mrs. Harness testified that Long and Purdue broke into her house at approximately 5:30 in the morning. They first told her that they were not going to hurt her, that they just wanted her money. She obtained her purse which was jerked from her hand, and she was shoved onto the bed. When they discovered her purse had about $200 in it, Purdue became very angry and demanded more money. They wired her hands behind her back and forced her to tell them where the rest of her money was. As they searched for money, she tried to talk them out of taking her deceased husband's personal property. They taped her mouth shut and then remarked that they would have to "waste" her. As they continued to search, Long went into another room and found a rifle hanging above a door. He brought the rifle into the bedroom and started loading it. At about the same time, Purdue in searching for other money grabbed and jerked up the mattress. Momentarily neither man was pointing a gun at Mrs. Harness, and she ran out of the bedroom and to a neighbor's house where she obtained help.

Purdue and Wininger both testified that appellant was involved in the planning of

the robbery and willingly participated in it. Long and appellant both testified that appellant was not involved in the planning of the robbery. In his motion to correct error, appellant alleges newly discovered evidence in the form of a letter from Purdue to appellant stating that he had lied at the trial and knew appellant had nothing to do with the robbery. However, subsequent to writing that letter, Purdue sent a letter to Judge Theobald stating that what he had said in the letter to appellant was false and that what he had testified to at trial was the truth. This letter was received by Judge Theobald before he made his ruling on the motion to correct error.

■ Appellant claims the trial court erred in refusing to grant a new trial based upon the letter from Purdue to appellant which claimed that appellant had nothing to do with the crime. He further claims that the trial court erred in not conducting a hearing to ascertain the truth of the situation. In attempting to seek a new trial based on newly discovered evidence, appellant has the burden of establishing several factors. The factors pertinent to this case are: 1) that the evidence has been discovered since the trial; 2) that it is material and relevant; 3) that it is not cumulative; 4) that it is not merely impeaching; 5) that the evidence is worthy of credit; 6) that it can be produced upon retrial of the case; and 7) that it will probably produce a different result. *Hammers v. State* (1987), Ind., 502 N.E.2d 1339, 1345.

■ In the case at bar, the jury had already been presented with the conflicting testimony of the four alleged participants in the robbery as to whether appellant had participated. When appellant presented his motion to correct error together with the alleged letter from Purdue recanting his trial testimony, he presented no affidavit from Purdue as to the truth of the content of the letter. *See Abner v. State* (1985), Ind., 479 N.E.2d 1254. Before the trial judge ruled upon appellant's motion to correct error, he received a letter from Purdue completely disavowing statements made in his letter to appellant and reaffirming his testimony at the trial. When these circum-

stances are considered in their entirety, it would seem a total waste of judicial time to conduct a hearing on the matter. Further, it does not appear that appellant has discharged his burden of establishing that he in fact did have newly discovered evidence which could be produced or if it were produced would likely result in a different outcome of the trial. The trial court did not err in refusing to grant a new trial based upon newly discovered evidence, nor did it err in refusing to conduct a hearing on the matter. *Hammers, supra.*

■ Appellant claims the trial court committed fundamental error in sentencing him on two conspiracy convictions when in fact only one conspiracy occurred, that being the conspiracy to obtain money from Mrs. Harness. The State claims the trial court did not err in rendering both sentences and contends there were in fact two conspiracies, one to commit a burglary of the Harness home and one to commit a robbery of Mrs. Harness. However, we cannot agree with the State in its analogy of the situation. For nearly a month, the four men had planned to obtain money from Mrs. Harness. Their plan first was to burglarize her home in her absence. However, as they formulated their conspiracy, their thinking changed from a *modus operandi* of burglary to that of armed robbery. We cannot accept the State's position that such a shift in plan constituted two separate conspiracies. The trial court erred in sentencing appellant for both conspiracies. *Braverman v. United States* (1942), 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23; *Gregory v. State* (1988), Ind., 524 N.E.2d 275.

■ Appellant claims the trial court erred in sentencing him to an enhanced term of fourteen (14) years. The presumptive term for a Class B felony is ten (10) years which may be enhanced by the trial judge by as much as an additional ten (10) years for aggravating circumstances. In the case at bar, the trial judge found aggravating circumstances and enhanced the presumptive sentence by four (4) years. Appellant claims the judge did not properly weigh the aggravating and mitigating circumstances and failed to find sufficient

aggravating circumstances to warrant the enhanced sentence. The trial judge found that appellant had a juvenile record of similar offenses, that the facts of this crime are particularly heinous, and that Mrs. Harness, who was over sixty-five years of age, had suffered mental trauma and would probably continue to do so for some time. The only mitigating factor found by the trial court was that appellant's incarceration would probably result in undue hardship for his dependents.

In view of the facts above recited, including the testimony of Mrs. Harness, the trial judge had more than ample aggravating circumstances to enhance the penalty. The trial court did not err in sentencing appellant to fourteen (14) years imprisonment.

This cause is remanded to the trial court with instructions to vacate the conviction of Conspiracy to Commit Burglary. The conviction of Conspiracy to Commit Robbery is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.